### Parkside Borough v. Todd.

*Municipal lien—Paving—Scire facias—Affidavit of defence—Sufficiency.*

1. Where there is a variance between the averments of a municipal lien and a *scire facias* issued thereon as to the character of the work done, and averments of the lien are not clear, and the ordinances upon which the claim is founded are not set forth in the lien, the court will not enter judgment for want of a sufficient affidavit of defence.

2. Whether the paving of a roadway is an original paving or a renewal of one adopted by the municipality is ordinarily a question for the jury.

Rule for judgment for want of a sufficient affidavit of defence. C. P. Delaware Co.

*W. B. McClenachan, Jr.,* for rule; *Henry G. Sweney,* contra.

BROOMALL, J., Sept. 18, 1922.—It is not manifest that the plaintiff is entitled, under the present state of the pleadings, to a judgment for want of an affidavit of defence. The municipal lien of the plaintiff specifies: "The kind and character of the work for which this claim is filed is the paving and curbing of an additional width of Edgemont Avenue, as permanently improved by the State Highway Department, on the southwesterly side thereof, in front of the above described property." It further avers that the authority in part for asserting the lien rests upon two ordinances of the borough, but these ordinances do not appear in the pleadings. The *scire facias* makes claim "for curbing on the southwesterly side thereof of the above described premises."

The parties have urged this rule to our attention as one to be decided, depending on whether the paving is an original paving made by the borough, as the plaintiff contends, or whether an original paving had been previously made by plaintiff's predecessor, the Township of Chester, and adopted by the borough, as the defendant contends.

This question we are unable to decide at present. It is ordinarily a question of fact for a jury. Moreover, we do not know what is meant by an additional width of Edgemont Avenue, nor what is meant by a permanent improvement by the State Highway Department, nor do we know what the borough ordinances set forth, nor are we able to correct the manifest error in the *scire facias.*

We, therefore, discharge plaintiff's rule for judgment.